IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK HALL, #1259168,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | 3:13-CV-1394-P-BK |
| WILLIAMS STEPHENS, Director<br>TDCJ-CID,<br>Respondent. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the habeas petition be summarily dismissed as barred by the one-year statute of limitations.

**I. BACKGROUND**

A jury convicted Petitioner of aggravated robbery and assessed punishment at 20 years' imprisonment. *State v. Hall*, No. F04-00987 (203rd Jud. District Court, Dallas County, Aug. 4, 2004), *aff'd*, No. 05-04-01242-CR, 2005 WL 895575 (Tex. App.--Dallas, Apr. 19, 2005, no pet.) (unpublished). The Texas Court of Criminal Appeals (TCCA) granted his first request for extension of time to file a petition for discretionary review (PDR), but denied the second. *See In re Hall*, No. PD-0720-05 (Tex. Crim. App. Jul. 13, 2005). This Court then dismissed Petitioner's first federal habeas petition for failure to exhaust state court remedies, *Hall v. Dretke*, No. 3:06-CV-0375-L, 2006 WL 1375236 (N.D. Tex. Apr. 10, 2006), *recommendation accepted*, 2006 WL 1374027 (N.D. Tex. May 17, 2006). Thereafter, Petitioner sought state habeas relief, but the TCCA rejected his applications. *See Ex parte Hall*, No. WR-68,001-02 (Tex. Crim. App. Feb. 13, 2008) (denying relief); *Ex parte Hall*, No. WR-68,001-03 (Tex. Crim.

App. Dec. 15, 2012) (dismissing successive application). Subsequently, on April 1, 2013, Petitioner filed this federal petition. (Doc. 2). He later responded, pursuant to court order, regarding the statute of limitations. (Doc. 11). [1]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The one-year period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review," and from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *See* 28 U.S.C. § 2244(d)(1)(A) and (B). Sections 2244(d)(1)(B) and (C) are inapplicable here as Petitioner does not appear to base his claims on any new constitutional right and the facts supporting the grounds for relief should have been known prior to the date on which his conviction became final.

Date Conviction Became Final and Statutory Tolling

Since Petitioner did not file a PDR before the time limit expired, his conviction became final on July 13, 2005, the last day on which he could have filed a timely PDR in accordance with the May 13, 2005, extension order. *See Dolan v. Dretke*, 168 Fed. Appx. 10, 11 (5th Cir. 2006) (unpublished per curiam) (because PDR is part of direct review process under Texas law,

---

[1] This action was initially filed in the United States District Court for the Western District of Texas, San Antonio Division, and then transferred to this Court. The dates listed were verified through information available on state court Internet web pages (Dallas County, Fifth District Court of Appeals, and TCCA) and the electronic state court habeas record obtained through the TCCA.

conviction is final upon expiration of extension of time for filing PDR); *Smith v. Thaler*, No. 3:11-CV-1485-D, 2013 WL 1760871 *2 (N.D. Tex. Mar. 6, 2013) (conviction final on the last day on which petitioner could have filed a timely PDR following extension granted by TCCA), *recommendation adopted*, 2013 WL 1760946 (N.D. Tex. Apr. 24, 2013); *Tepp v. Quarterman*, No. 4:06-CV-284-A, 2007 WL 3238654 *2-3 (N.D. Tex. Oct. 31, 2007) (same). Thus, the one year period began to run the next day, July 14, 2005. As of the filing of the first state application on April 15, 2006, 276 days -- about 9 months -- of the one-year limitations period had elapsed.[2] The state application remained pending until February 13, 2008, during which time the one-year period was tolled. *See* 28 U.S.C. § 2244(d)(2). The one year-period resumed running on February 14, 2008, and expired 89 days later on May 13, 2008. Statutory tolling is unavailable during the pendency of either Petitioner's first federal petition or his successive state application. *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (no statutory tolling during pendency of federal action); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state application is filed after one-year period). Consequently, the federal petition, deemed filed as of March 28, 2013, is clearly untimely under section 2244(d)(1)(A) absent equitable tolling.[3]

---

[2] The state application is deemed filed on April 15, 2006, the date on which Petitioner signed it and most probably handed it to prison officials for mailing. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. Mar. 5, 2013) (holding prison mailbox rule applies to state habeas application).

[3] The federal petition is deemed filed on March 28, 2013, when Petitioner signed the same (Doc. 2 at 11) and obtained a certificate of inmate trust account (Doc. 1-1), which he submitted along with his motion to proceed *in forma pauperis*. *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system)

State Created Impediment

Relying on *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003), Petitioner alleges that he was confined "in a state transfer facility that did not have adequate Federal statutor[y] provisions that would have advised [him] of … limitation," thus impeding the timely filing of his federal petition.[4] (Doc. 11 at 1-2). To invoke section 2244(d)(1)(B), a petitioner must show that: "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). These requirements imply an element of causality and materiality with respect to a prisoner's ability to file his federal petition. *See Upchurch v. Thaler*, NO. 3-10-CV-0987-D, 5-6 (N.D. Tex. Jan 28, 2011) (collecting cases requiring causal relationship between unconstitutional state action and being prevented from filing federal petition), *recommendation accepted*, 2011 WL 1193209 (N.D. Tex. Mar. 30, 2011). Thus, a petitioner "must also show that . . . [the impediment] actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original).

Petitioner asserts more specifically that he was confined in a transfer facility that had inadequate federal statutory material, namely the AEDPA, in the unit law library. (Doc. 11 at 1-2). However, Petitioner's allegations are conclusory. He does not identify the state transfer facility nor the beginning and ending dates of his confinement there, although his petition was filed nearly five years outside of the limitations period. Nor does he state how he was denied adequate access to the AEDPA apart from the conclusory allegation that "his lack of knowledge to [sic] A.E.D.P.A [was] due to insufficient Law library at transfer facilit[y]." *Id.* In addition,

---

[4] Apparently, Petitioner also attempts to rely on *Butler v. State*, 864 S.W.2d 334 (Tex. Crim. App. 1983), although he listed an incorrect citation.

Petitioner does not allege a causal link between the alleged denial of access to the AEDPA and his inability to file a timely federal petition. His pleadings are completely silent as to how the alleged denial of access to the AEDPA prevented him from filing a timely section 2254 petition. *See Krause*, 637 F.3d at 561-62 (state prisoner who only alleged that library at transfer facility was inadequate failed to establish that he was prevented from timely filing habeas petition; prisoner failed to allege that transfer facility's lack of legal materials prevented him from filing timely habeas application).

Based on the above analysis, the Court concludes that Petitioner cannot establish a state created impediment under section 2244(d)(1)(B).

Equitable Tolling

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the entire one year period, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). After his conviction

became final, Petitioner waited about nine months before filing his first state habeas application. His lack of diligence did not end there. In fact, following the denial of his first state application, Petitioner delayed four and one-half years before he submitted his successive state application and then initiated this federal action. This period of inactivity clearly indicates lack of due diligence. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (delay of four months between denial of state application and filing of federal petition precluded finding of due diligence); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (six-month delay precluded due-diligence finding).

In addition, Petitioner does not show that an "extraordinary circumstance" prevented timely filing. *Holland*, 130 S. Ct. at 2562. His pleadings do not explain the reason for the lengthy delays in his case. (Doc. 11 at 1-2). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Furthermore, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

SIGNED September 6, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE